UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

PHILLIP W. ALLEN, )
 )
    Plaintiff, )
 )
vs. ) Civil Action No. CV-98-S-0044-NE
 )
DANIEL S. GOLDIN, )
Administrator, NATIONAL )
AERONAUTICS AND SPACE )
ADMINISTRATION, et al., )
 )
    Defendants. )

**ENTERED**

JUN 1 2 1998

## MEMORANDUM OPINION

This action is before the court on defendants' motion for summary judgment.[1] Upon consideration of the pleadings, briefs, and evidentiary submissions, this court concludes the motion is due to be granted.

### I. SUMMARY OF FACTS

Phillip W. Allen was employed by the National Aeronautics and Space Administration (NASA) on February 6, 1989, as an air space quality specialist. (Complaint ¶ 1.) Annual reviews of his work reflect "exemplary" performance, yet he contends he "has not been awarded with the promotions, advancements, awards, distinctions and recognition that were promised him and he was lead [sic] to believe would be forthcoming based on his performance." (Id. ¶ 3.) He also alleges he has been "harassed, demeaned, humiliated, and caused extreme damage" for which he seeks compensatory and punitive

---

[1] By order entered March 11, 1998, this court notified the parties that defendants' motion to dismiss, or in the alternative, motion for summary judgment, would be treated as a motion for summary judgment, and deemed submitted to the court as of April 7, 1998. (Doc. No. 11.)

damages. (*Id.*)

Allen commenced this action in the Circuit Court of Madison County on December 12, 1997, asserting nine claims bottomed upon the following theories of recovery: violation of due process (based upon 42 U.S.C. § 1983[2]); fraud; breach of contract; abuse of process; Alabama's common law tort of outrage; negligent employment and supervision; promissory estoppel; detrimental reliance; and, violation of the "Alabama Age Discrimination Act" (Alabama Code §§ 25-1-20, *et seq.*).

The complaint also contains "Plaintiff's Verified Application for Temporary Restraining Order and Plaintiff's Verified Motion for Preliminary Injunction." (Complaint at 6-8.) Allen seeks a restraining order and injunction to prevent "imminent harm to the Plaintiff as a result of the Defendants' proposed wrongful and unlawful demotion/transfer of the Plaintiff to another position of inferior or lower state tha[n] he is currently occupying." (*Id.* at 7.) More expansively, Allen says he seeks to enjoin defendants

> from transferring [him] from his current employment position to any lesser, inferior or lower position with NASA; or moving his physical place of employment; or in any way changing the nature or duties or benefits of the Plaintiff; and to order the Defendant, NASA, to not allow any employee of NASA who may have supervisory responsibilities over the Plaintiff from harassing, intimidating, insulting, maligning or in any way treating the Plaintiff disrespectfully; and further ordering the Defendant to cease and desist in its unlawful employment practices directed at the Plaintiff, specifically, but

---

[2] Count One of plaintiff's original complaint bears the heading "SECTION 1983 - DUE PROCESS" (emphasis in original). Plaintiff nowhere explains, however, how that Reconstruction-era statute, designed to deal with state action, applies to action by an agency of the United States government.

2

> not limited to age discrimination and decision directed
> and taken toward and against the Plaintiff which lack
> reasonable merit....

(*Id.* at 7.) Allen alleges he "has been subjected to harassment from his supervisor by, among other things, no longer allowing the Plaintiff to draw supplies and not allowing the Plaintiff to go into a secure area the Plaintiff had access to for the past nine years." (*Id.* at 8.) On December 29, 1997, Allen amended the complaint to add Ron Mize and Amanda Harris as defendants.

Defendants filed a timely notice of removal to this court on January 8, 1998, asserting jurisdiction based upon 28 U.S.C. § 1441 and § 1442. (Doc. No. 1.) Plaintiff's motion to remand was denied by order entered February 13, 1998. (Doc. No. 7.)

## II. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to

3

find for the nonmoving party." *Id.*

The moving party has the initial burden of showing the absence of a genuine issue as to any material fact. *Id.* In determining whether this burden is met, the court must view the evidence "and all factual inferences arising from it in the light most favorable to the nonmoving party." *Id.* (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970)).

Once the movant's initial burden is met, "the burden shifts to the nonmovant to 'come forward with specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)). In meeting its burden, "the nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992)(citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)).

"'The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Tipton*, 965 F.2d at 999 (quoting *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513). Even so, a "mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990)(citing

4

*Anderson*, 477 U.S. at 242, 106 S.Ct. 2505). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356 (citation omitted).

### III. AGE DISCRIMINATION CLAIMS

In *Brown v. General Services Administration*, 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976), the Supreme Court held that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *See also Canino v. United States EEOC*, 707 F.2d 468 (11th Cir. 1983)(holding that former federal employees must bring all employment discrimination claims under Title VII). The *Brown* Court recognized that Title VII provides "a careful blend of administrative and judicial enforcement powers" grounded upon "rigorous administrative exhaustion requirements and time limitations." *Brown*, 820 U.S. at 832-33, 96 S.Ct. at 1967-68. Those "preconditions," when met, trigger a federal employee's right to seek vindication against his employer's discriminatory conduct in federal district court. *Id.*

The Eleventh Circuit and other circuits have held that the ADEA has similar preemptive force because it was modeled on, and has a similar purpose to, Title VII. *See Ray v. Nimmo*, 704 F.2d 1480, 1485 (11th Cir. 1983); *Purtill v. Harris*, 658 F.2d 134, 137 (3d Cir. 1981), cert. denied, 462 U.S. 1131, 103 S. Ct. 3110

5

(1983).[3] Thus, a federal employee's exclusive remedy for age discrimination by his employer is the ADEA. *Chennareddy v. Bowsher*, 935 F.2d 315, 318 (D.C. Cir. 1991); *Paterson v. Weinberger*, 644 F.2d 521, 524-25 (5th Cir. 1981)[4](holding that the ADEA is the exclusive remedy for federal employees subjected to age discrimination); *Dodson v. United States Army Finance & Accounting Center*, 636 F. Supp. 894, 895 (S.D. Ind. 1986)("the ADEA is the exclusive remedy for a federal employee who claims age discrimination"). Accordingly, the court construes plaintiff's age discrimination claim under the ADEA, rather than Alabama's statutory provisions.

The ADEA provides two avenues of relief for federal employees complaining of discriminatory acts by their employer. *Ray*, 704 F.2d at 1483. The aggrieved employee may file an administrative complaint within the agency where he or she works. 29 C.F.R. § 1614.105. Alternatively, a federal employee may file suit directly in federal district court. 29 U.S.C. § 633(d). Invoking either approach, however, requires that certain prerequisites be met.

For an administrative complaint, EEOC regulations require mandatory precomplaint counseling within 45 days of the alleged discriminatory act. 29 U.S.C. § 1614.105(a)(1). The regulations

---

[3] *See also Oscar Mayer & Company v. Evans*, 441 U.S. 750, 756, 99 S.C 2066, 2071 (1979)(instructing that when the legislative history indicates that the source of a section in the ADEA was a complementary section in Title VII, the two statutes are to be construed consistently).

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

permit an extension of that period of repose, but only "when the individual shows ... that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred...." *Id.* at § 1614.105(a)(2).

Similarly, if an aggrieved federal employee eschews the administrative route and, instead, decides to directly pursue a remedy in federal court, he or she must first file a "Notice of Intent to Sue" with the EEOC within 180 days of the alleged discriminatory act. 29 U.S.C. § 633(d).

Defendants have submitted affidavits which provide substantial evidence that Allen has not pursued either approach. Charles H. Scales is the Equal Employment Opportunity Officer for the George C. Marshall Space Flight Center (MSFC) charged with acting upon all administrative complaints filed by employees of MSFC. Scales avers that "I have no knowledge or record of any equal opportunity discrimination complaint ever being submitted to or filed with MSFC by or on behalf of Mr. Phillip W. Allen." (Defendants' Exhibit 1.)

Robert P. Lowell is an attorney in the EEOC's headquarters in Washington, D.C., where all federal employees who choose to bypass the administrative process must file their notices of intent to sue in federal district court. Lowell avers that "[a] review of our correspondence files on the National Aeronautics and Space Administration did not reveal any notice of intent to sue the National Aeronautics and Space Administration for age discrimination filed by Phillip W. Allen." (Defendants' Exhibit 2

7

at 2.)

In rebuttal, plaintiff apparently concedes that he has not complied with those prerequisites to suit under the ADEA. Instead, he argues only that his claim was brought under the Alabama Age Discrimination Act, not the federal ADEA. The Alabama Act contains no similar administrative prerequisites. See Alabama Code § 25-1-29 ("a plaintiff shall not be required to pursue any administrative action or remedy prior to filing suit under this article"). As already noted, however, binding authority holds that the ADEA is the exclusive remedy for federal employees asserting unlawful age discrimination against their federal employer. See *Paterson*, 644 F.2d at 524-25. Plaintiff's argument to the contrary, unsupported by any evidence or legal authority, is unavailing. Accordingly, plaintiff's age discrimination claim is due to be dismissed.[5]

### III. TORT CLAIMS

Plaintiff's complaint asserts four tort claims for fraud, abuse of process, outrage, and negligent employment and supervision. Tort claims against the federal government are governed by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2675(a). Under that Act, "a plaintiff must present notice of his or her claim to the appropriate federal agency." *Free v. United States*, 885 F.2d 840, 842 (11th Cir. 1989)(citations omitted). "Once the claim has been denied or six months after the claim has

---

[5] To the extent that any of plaintiff's remaining state law claims are grounded upon allegations of age discrimination, they also are due to be dismissed.

8

been filed, a plaintiff may bring a lawsuit in federal court." *Id.* (citing 28 U.S.C. § 2675(a)).

Defendants' have submitted the affidavit of William A. Hicks, chief counsel of MSFC, who is charged with acting upon FTCA claims against MSFC and its employees. Hicks avers that "I have no knowledge or record of any Federal Tort Claim ever being submitted to or filed with MSFC by or on behalf of Mr. Phillip W. Allen." (Defendants' Exhibit 3 at 1.)

Plaintiff's response in opposition to summary judgment is woefully inadequate. He offers not even a scintilla of evidence to rebut Hicks' testimony. In the absence of any evidence that plaintiff has met the FTCA's jurisdictional prerequisites, his tort claims also are due to be dismissed.

### IV. OTHER CLAIMS

Counts Seven and Eight assert claims for promissory estoppel and detrimental reliance. Neither count states a cause of action under Alabama or federal law. *See, e.g., Evans v. Waddell*, 689 So. 2d 23, 31 (Ala. 1997)(recognizing that promissory estoppel is not an independent cause of action); *Liberty National Life Insurance Co. v. Allen*, 699 So. 2d 138, 144 (Ala. 1997)(recognizing detrimental reliance as element of a *prima facie* case of fraud). Accordingly, those counts are due to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure of plaintiff to state a claim upon which relief can be granted.

Plaintiff's remaining claims are vague assertions of

9

defendants' alleged violation of due process rights and breach of contract. As best this court can understand plaintiff's assertions, those claims essentially are personnel matters arising from plaintiff's employment with the federal government. The Civil Service Reform Act of 1978, 5 U.S.C. §§ 2301 et seq. (CSRA), "comprehensively overhauled the civil service system." *Lindahl v. Office of Personnel Management*, 470 U.S. 768, 773, 105 S.Ct. 1620, 1624, 84 L.Ed.2d 674 (1985). As the *Lindahl* Court noted, "Congress created a new framework for evaluating adverse personnel actions against [federal] 'employees' ...: it established exacting standards for review of such actions by the MSPB [Merit Systems Protection Board], provided that 'employees' ... could obtain judicial review of MSPB decisions, and specified the standards for judicial review of such actions." *Lindahl*, 470 U.S. at 774, 105 S.Ct. at 1624 (citing 5 U.S.C. §§ 7701, 7703). Thus, the CSRA "was intended to provide the exclusive means of appealing an unwanted personnel action" taken against a federal employee. *Bosco v. United States*, 931 F.2d 879, 882 (Fed. Cir. 1991); *see also United States v. Fausto*, 484 U.S. 439, 449, 108 S.Ct. 668, 674, 98 L.Ed.2d 830 (1988)(federal employees are not "free to pursue other avenues of review"). Indeed, the *Fausto* Court recognized the "primacy of the [Merit Systems Protection Board] for administrative resolution of disputes over adverse personnel action, and the primacy of the United States Court of Appeals for the Federal Circuit for judicial review." *Fausto*, 484 U.S. at 449, 108 S.Ct. at 674 (citations

10

omitted). The Eleventh Circuit, therefore, instructs that the CSRA "preempts a cause of action for all ... work related claims" arising from federal employment. *Green v. Hill*, 954 F.2d 694, 697 (11th Cir. 1992).[6]

All of plaintiff's claims in this case are work related, and arise out of disputes about proposed or completed personnel actions taken against plaintiff. Accordingly, plaintiff is bound to pursue any and all administrative remedies available to him under the CSRA before seeking judicial review of those claims.[7] The court being presented with no evidence that plaintiff has done so, his remaining claims also are due to be dismissed.

## V. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is due to be granted, and all of plaintiff's claims are due to be dismissed. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this 11th day of June, 1998.

United States District Judge

---

[6] On rehearing, the final paragraph of the opinion was withdrawn and replaced. *Green v. Hill*, 968 F.2d 1098 (11th Cir. 1992). That substituted paragraph is irrelevant to the issues raised in this case.

[7] A federal employee may challenge the actions of his supervisors internally, seek review of a determination through the Merit Systems Protection Board and, after that, in a Circuit Court of Appeals. *See* 5 U.S.C. §§ 7513(b) and (d), 7703 (1980).

11